UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CARLOS LEVY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No.   3:10-cv-418 |
| ) | (PHILLIPS) |
| ) | |
| DARREN SETTLE ) | |
| and DAVID PACK, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the plaintiff's motion to appoint counsel and the defendants' motion to dismiss. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 12] will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. The plaintiff's motion to appoint counsel [Court File No. 3] will be **DENIED** as **MOOT**.

I.  Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II. Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction and confined in the Morgan County Correctional Complex (MCCX). The defendants are Darren Settles, who is a Unit Manager, and David Pack, who is in Educational Services. Plaintiff alleges that he speaks and writes only in Spanish, and does not speak or write in English, which prevents him from understanding the incident report that resulted in his placement in administrative segregation. Plaintiff also alleges he was denied an interpreter at his disciplinary hearing and that there are no Spanish interpreters at MCCX.

Plaintiff further alleges that defendant Settles cannot respond to plaintiff's requests because there are no translators and that defendant Pack wanted to read plaintiff's legal work

2

and mail challenging his conviction. Plaintiff also alleges that his access to legal materials is impaired and he is denied meaningful access to the prison's law library. Plaintiff alleges that he cannot be seen by a doctor because he does not speak English. According to plaintiff, because of his inability to speak and write English, together with the lack of an interpreter, he has been denied counseling, educational activities, legal aid, and medical care, all of which he claims violates his right to due process and equal protection.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. The defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted.

III.     Discussion

Plaintiff does not allege that the defendants were involved in his disciplinary hearing and placement in administrative segregation, and his complaint fails to state a claim against them in that regard. In addition, plaintiff's claim that he was denied due process in his prison disciplinary proceedings would implicate the validity of his disciplinary conviction and resulting sanctions, and thus is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff likewise does not allege that the defendants are involved in denying him access to the law library. Nevertheless, in order to state a claim in that regard, plaintiff must first allege an actual injury resulting from the denial of access, which he has failed to do. *See*

3

*Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). An inmate cannot show actual injury "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. Accordingly, plaintiff's claim that he has been denied access to the law library fails to state a claim upon which relief can be granted.

With respect to plaintiff's claim that he cannot be seen by a doctor, plaintiff makes no allegation that defendants Settles or Pack are involved in his medical care. In any event, plaintiff does not allege that he has been denied medical treatment for a specific injury or ailment. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff complains that, because of his inability to speak or write English, he has been denied counseling and educational opportunities. He does not, however, specify what opportunities he has been denied. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985).

The only factual allegation that plaintiff makes against the defendants is that defendant Settles cannot respond to plaintiff's requests and that defendant Pack wanted to read plaintiff's legal mail. Again, plaintiff does not state what requests have not been answered by defendant Settles. With respect to defendant Pack, plaintiff does not allege that

4

the defendant in fact read his legal mail. Also, plaintiff does not claim that defendant Pack's conduct was arbitrary or capricious, was meant to interfere with plaintiff's access to the courts or to harass him, or was motivated by any personal prejudice. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1984). The complaint thus fails to state a claim against either defendant.

IV.    Conclusion

The defendants' motion to dismiss will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. Plaintiff's motion to appoint counsel will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips<br>United States District Judge